# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 15-1811 G

VINCENT BARRASSO )
  Plaintiff )
 )
v. )
 )
 )
MACY'S RETAIL HOLDINGS, )
INC., )
  Defendant )
 )
 )

RECEIVED
JUN 1 7 2015
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES

### Parties

1. The plaintiff, Vincent Barrasso, is a New Hampshire resident who resides at 5 Lane Way, Londonderry, New Hampshire

2. The defendant, Macy's Retail Holdings, Inc. is a foreign corporation that does business in Massachusetts through a series of retail store outlets.

3. At all times relevant, the plaintiff was employed by Macy's at its Burlington, Massachusetts store.

### Statement Of The Facts

4. The plaintiff is sixty-three years old. He was born on October 17, 1951.

5. The plaintiff had a long and successful career in retail sales.

6. He began working at Macy's Burlington MA in October 2011 as Sales Manager of men's tailored clothing, dress furnishings and men's shoes.

7. He received a great performance review for 2011.

8. Mr. Barraso also received a salary increase based on the review.

2

9. He achieved increased sales in all departments and he was made M.I.C. (Manager-in-Charge) of "Magic Selling."

9. The plaintiff's responsibilities included training new hires, incumbents, and executives.

10. He received excellent reviews on my classes by associates, executives and senior management.

11. Associates and executives requested to take his classes.

12. The Store Manager, Julie Emery, commented on the effectiveness of my classes, "People are learning valuable information."

13. In May of 2012, new District Manager, Phil Wilson, was appointed.

14. Wilson was a former manager of the Burlington store.

15. The plaintiff introduced himself on his first visit to the store and that was the only time Mr. Wilson ever spoke to him.

16. The plaintiff achieved #1 in region for a men's event.

17. Mr. Wilson was there on the day of the event and never recognized the plaintiff's accomplishment or his team's performance.

18. In a managers' meeting in May of 2013, sales managers were told to get rid of underperforming associates.

19. The message came from Phil Wilson.

20. In a meeting with Peter Crespy, the Assistant Store Manager to whom the plaintiff reported, Mr. Crespy spoke more specifically.

21. He identified to the plaintiff associates in his departments that he said should be "coached out" (dismissed).

3

22. These included Ron Nussle, who was 72 years old; Lloyd Gatrieau, who was 67 years old; and Bob Johnson, who had worked for Macy's 20 years.

23. The plaintiff told Mr. Crespy that this it was wrong and asked what that look would like to others if Macy's let Bob Johnson go.

24. Mr. Crespy said that Mr. Johnson was slowing down and was inconsistent.

24. The plaintiff protested to Chris Daugsiewz, the Human Resource Manager.

26. He told her it was wrong and he would not do it.

27. Chris Daugsiewz agreed and conceded that there were younger associates doing worse on their scorecards but their names were never mentioned.

28. On August 25, 2013, while closing the store, the plaintiff bent down to fix a drawer that was off the track in the men's underwear department.

29. As he bent down, the plainitff injured his back but, but he continued with the store closing procedure.

30. While walking, the back pain started to travel down the plaintiff's left leg, and he went to the loss prevention department to report the accident.

31. James Frazier took the report and the plaintiff followed Macy's protocol and called Medco.

32. He was not instructed to stay inactive with bed rest.

33. Following the incident, the plaintiff took next two days off, and he was told that if the pain continued, he was to seek medical attention within seventy-two hours.

34. On August 28, 2013, the plaintiff returned to work.

35. By Thursday August 29, 2013, the pain was intolerable.

4

36. The plaintiff went to Lahey Clinic Emergency where a physician determined he had a pinched nerve.

37. The doctor prescribed some pain medication and instructed Mr. Barrasso to take one day off, with no lifting or twisting.

38. He also made an appointment for the plaintiff to see a neurosurgeon in two weeks.

39. The pain medicine made the plaintiff so ill, he took two days off in spite of the pressure that was being placed upon him by the Assistant Store Manager, Peter Crespy, who made a phone call and sent at least three text messages instructing the plaintiff to return to work immediately.

40. The plaintiff returned to work on Sunday August 30, 2013 and worked in pain for two weeks without a day off.

41. There was immense pressure to remain working despite the obvious pain that he was still experiencing.

42. Mr. Barrasso went to see the neurosurgeon on September 13, 2013.

43. The neurosurgeon gave the plaintiff a physical exam and prescribed more pain medicine, physical therapy, and ordered the plaintiff to take a week off from work with no heavy lifting; and he also confirmed the original diagnosis of nerve damage.

44. After the plaintiff returned to work a week later, the pain had traveled down to Mr. Barrasso's foot.

45. The plaintiff called the doctor and talked to his associate who said he should come in first thing the next day.

5

46. The plaintiff saw the doctor the next day ay and made an appointment for an MRI. At that time, he also prescribed eight to nine days off of work.

47. The doctor wanted the plaintiff to take MRI before returning to work.

48. The MRI showed severe damage and doctor recommended surgery.

49. When the plainitff fianly did return to work, he did so with a medical restriction - no heavy lifting (more than 15-20 lbs), and no twisting.

50. Upon returning to work, Mr. Barrasso discovered that he had a lot of catching up to do since no one had overseen his department during his absence.

51. Because of the plaintiff's work-related injury and his resulting absences from work, there was considerable pressure by the Assistant Store Manager to immediately address issues that occurred during Mr. Barrasso's absence.

52. On Friday, October 25, 2013, the Store Manager, Julie Emery, asked the plaintiff to meet with her.

53. Mr. Barrasso assumed that she was going to assign him the outerwear department because his team and he run it for two years when in fact it was another manager's department, but the plaintif was mistaken.

54. Instead, the Store Manager fired him after stating the plaintiff's performance was not up to company standards.

55. The plaintiff never received any documentation as to the reason(s) for his firing.

56. He was discharged from employment on October 25, 2013.

57. The plaintiff was replaced by a 22-year-old college graduate, Joanna Pappnicolauo, who was right out of college.

6

58. Within four to six weeks after her hiring, Ms. Pappnicolaou was no longer employed by Macy's.

59. Prior to the plaintiff's discharge, Julie Emery announced in a meeting with the department managers that Macy's plan was to recruit millennial age candidates for sales' manager positions.

60. Ms. Emery said "Phil wants to hire more millennial managers.

61. She then looked at Mr. Barrasso and said, "Vincent is not a millennial".

62. Ms. Emery then repeated the comment, "Vincent is not a Millennial."

### Count 1: Age Discrimination

63. The facts alleged in the paragraphs 1-62 are realleged with the same force and effect and incorporated by reference herein.

64. The facts alleged state a cause of action for violations of M.G.L. c. 151B, §4, ¶1B on account of unlawful discrimination because of age.

### Count 2: Knowing Violation Of The Age Discrimination Act

65. The facts alleged in the paragraphs 1-62 are realleged with the same force and effect and incorporated by reference herein.

66. The defendant knew or should have known that, in discharging the plaintiff because he of his age, it violated the provisions of M.G.L. c. 151B, §4 ¶1B.

### Count 3: Disability Discrimination

67. The facts alleged in the paragraphs 1-62 are realleged with the same force and effect and incorporated by reference herein.

68. The facts alleged state a cause of action under M.G.L. c. 151B, § §4.2 and 4.16 for unlawful discrimination on account of disability.

7

## Count 4: Unlawful Retaliation

69. The facts alleged in the paragraphs 1-69 are realleged with the same force and effect and incorporated by reference herein.

70. M.G.L. c. 151B, §4.4A. That statute makes it a separate unlawful offense:

> For any person to coerce, intimidate or threaten or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter.

71. The facts alleged state a cause of action for violations of M.G.L. c. 151B, §4.4A for unlawful retaliation because Mr. Barrasso exercised statutory rights permitted and protected under M.G.L. c. 151B.

### Prayers For Relief

WHEREFORE, the plaintiff prays that this Court advance this case in every way on the docket and grant a speedy trial and, after said trial, he prays and demands:

(1) Issue a permanent injunction that orders the plaintiff's immediate reinstatement as an employee, and which enjoins the defendant, its agents, servants or employees, from future acts of retaliation or harassment against the plaintiff pursuant to M.G.L. c. 151B, §4.

(2) With respect to Count 1, award the plaintiff money damages.

(3) With respect to Count 2, award the plaintiff multiple damages.

(4) With respect to Counts 3 and 4, award the plaintiff exemplary damages.

(5) With respect to Counts 1, 2, 3 and 4 award the plaintiff reasonable attorney's fees, and costs as provided for under M.G.L. c. 151B, § 9.

(6) Award the plaintiff such other and further relief as may be just and meet.

8

## Jury Trial Demand

The plaintiff, Vincent Barrasso, hereby demands trial by jury on all issues herein to which he may be entitled to trial by jury, pursuant to the Massachusetts Declaration of Rights and the Seventh Amendment to the United States Constitution and Massachusetts Rule of Civil Procedure 38, and requests an advisory jury on all factual issues material to claims not triable by right by a jury, pursuant to Massachusetts Rule of Civil Procedure 39©.

Respectfully submitted,

Vincent Barrasso

By his attorney,

Paul L. Nevins
BBO # 369930
92 State Street, 8th Floor
Boston, MA 02109
(617) 372-9890
paulnevins@plnevinslaw.com

## Verification

I, Vincent Barrasso, state that I have read the foregoing complaint, that I have personal knowledge of the facts which it alleges, and that the facts alleged are true to the best of my knowledge and belief.

Signed under the pains and penalties of perjury this 17 day of May, 2015

Vincent Barrasso

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 15-1811 G

VINCENT BARRASSO

, Plaintiff(s)

v.

MACY'S RETAIL HOLDINGS, INC.

, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Paul L. Nevins plaintiff's attorney, whose address is 92 State St., Suite 800, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the 23rd day of June, in the year of our Lord two thousand and fifteen.

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:

Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1  12M – 1/15

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

Dated: _____, 201___.                    _____

**N.B.  TO PROCESS SERVER: —**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 201   .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)